**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE JAMES SACCATO, | No. 12-35133 |
| Plaintiff - Appellant, | D.C. No. 6:10-cv-06244-HO |
| v. | |
| DAVIS LAW FIRM; U.S. BANK NATIONAL ASSOCIATION N.D., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Lawrence James Saccato appeals pro se from the district court's summary

judgment in his Fair Credit Reporting Act ("FCRA") action alleging that defendant

U.S. Bank failed to conduct a reasonable investigation upon receiving notice that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Saccato disputed whether he had held a U.S. Bank account as reflected on his credit report. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment, *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008), and we affirm.

The district court properly dismissed Saccato's original complaint without leave to amend because neither 15 U.S.C. § 1681s-2(a) nor the related 2010 Federal Trade Commission regulations provide a private right of action. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009); *see also* 15 U.S.C. § 1681s-2(c) (excluding violations of "subsection (a) of this section, including any regulations issued thereunder" from the FCRA's private enforcement provisions).

The district court properly granted summary judgment on Saccato's claims in his operative complaint, which are predicated on 15 U.S.C. § 1681s-2(b), because Saccato failed to raise a genuine dispute of material fact as to whether defendant U.S. Bank conducted a reasonable investigation in light of Saccato's general dispute. *See Gorman*, 584 F.3d at 1157 ("The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the . . . notice of dispute.").

12-35133

We do not address Saccato's contention that U.S. Bank and its counsel violated the FCRA during the pendency of this lawsuit because these claims are unrelated to the allegations in the complaint. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (declining to address claims not raised in the complaint).

**AFFIRMED.**